**Calvin Eugene BARNETT,**
**Plaintiff–Appellant,**

v.

**Charles RAY, Warden; Robert Ezell;**
**Bill Boyd; Dennis Johnson; Cart-**
**wright; Moore; Yandall; Brewer, De-**
**fendants–Appellees.**

No. 08–7087.

United States Court of Appeals,
Tenth Circuit.

March 31, 2009.

Calvin Eugene Barnett, McAlester, OK,
pro se.

Before KELLY, ANDERSON, and
BRISCOE, Circuit Judges.

## ORDER AND JUDGMENT*

STEPHEN H. ANDERSON, Circuit
Judge.

After examining the briefs and appellate
record, this panel has determined unani-
mously that oral argument would not ma-
terially assist in the determination of this
appeal. *See* Fed. R.App. P. 34(a)(2); 10th
Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Calvin Eugene Barnett, a state prisoner
in the custody of the Oklahoma State Peni-
tentiary proceeding *pro se,* appeals the
dismissal of his 42 U.S.C. § 1983 action for
failure to pay the initial partial filing fee as
ordered by the court. We affirm.

## BACKGROUND

Barnett filed a complaint alleging civil
rights violations (basically concerning the
claimed destruction of his headphones dur-
ing a prison lockdown) pursuant to 42
U.S.C. § 1983. He sought leave to pro-
ceed in forma pauperis ("IFP") before the
district court under 28 U.S.C. § 1915. On
June 12, 2008, the district court granted
his § 1915 motion and ordered Barnett to
pay the full amount of the $350.00 filing
fee in installments and to pay an initial
partial filing fee of $11.60 within twenty
days, i.e., by July 2, 2008. Barnett failed
to pay the initial filing fee.

In a July 24, 2008 minute order, the
magistrate judge to whom the matter was

* This order and judgment is not binding prece-
dent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive val-
ue consistent with Fed. R.App. P. 32.1 and
10th Cir. R. 32.1.

referred granted Barnett's "motion to release funds" and directed payment of the initial $11.60 fee within fifteen days. Barnett failed to pay the fee. Accordingly, in a September 4, 2008 minute order, the district court dismissed, without prejudice, Barnett's action for failure to pay the initial partial filing fee in accordance with the magistrate judge's July 24, 2008 minute order. Final judgment was entered the same day. In a September 15, 2008, minute order, the district court denied Barnett's Fed.R.Civ.P. 59(e) motion for rehearing. Barnett appeals that order.

## DISCUSSION

We review a district court's dismissal of a claim for failure to comply with a court order to pay a filing fee for an abuse of discretion. *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir.2003). An abuse of discretion occurs when "the trial court makes an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Nalder v. W. Park Hosp.*, 254 F.3d 1168, 1174 (10th Cir.2001) (further quotation omitted).

We find that the district court did not abuse its discretion. Barnett's pro se brief does not attempt to explain his failure to pay, nor does it challenge the district court's dismissal. In his application to proceed IFP on appeal, he states that he has "been in prison for 34 years, the only money that I have is in my prison saving account. I only have about $321.63." Motion for Leave to Appeal Without Prepayment of Costs or Fees at 9.[1] In a Statement of Institutional Accounts dated May 30, 2008, the Trust Fund Officer certified that the average monthly balance in Barnett's account for the six-month period immediately preceding was $58.02, and that 20% of that figure was $11.60. The officer also certified that the average monthly deposits to Barnett's account were $10.00, and that 20% of that figure is $2.00.[2] The only further explanation Barnett provides is contained in his "Rule 4.0 Motion for Rehearing," where he similarly avers that "he is a poor person without funds, or property, or relatives willing to assist him in paying for filing the complaint.... [It is a violation of the Okla-

---

1. On October 28, 2008, Barnett filed a motion in our court to proceed IFP on appeal. That same day, we issued an order assessing costs and fees, payable in partial payments, although we stated we would "defer ruling on the substantive aspects of the request." 10/28/08 Order at 1. We denied a subsequent motion to proceed IFP on appeal as moot.

2. As we explained in *Cosby:*

   Under the 1996 Prison Litigation Reform Act (PLRA), indigent prisoners need not pay federal court filing fees in full prior to initiating litigation or on appeal. *See* 28 U.S.C. § 1915(b)(1). Ultimately, however, "the prisoner shall be required to pay the full amount of a filing fee." *Id.* The amount of the initial payment depends on the average deposits to and balance in the prisoner's inmate account. The statute provides:

   The court shall assess, and when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

   A) the average monthly deposits to the prisoner's account; or
   B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal.

   *Id.*

   The remainder of the filing fee is to be paid in monthly installments. The amount of each installment is prescribed by § 1915(b)(2):

   After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

   *Cosby,* 351 F.3d at 1326.

homa Constitution and the district court's order dismissing his case] to require any man to pay any costs of court, if he is a pauper, and without the means of doing so, and to deny him the issuance of such process, or the services of the officers when he is unable to pay for the same." Motion at 3, R. Vol. 1 at 82. Barnett has accordingly failed to persuade us that the district court abused its discretion when it dismissed Barnett's action without prejudice and denied his petition for rehearing.

## CONCLUSION

For the foregoing reasons, the district court's orders are AFFIRMED.